IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK SCOTT,

       Plaintiff,                        No. CIV S-11-0756 GGH P

    vs.

SACRAMENTO SUPERIOR COURT, et al.,

       Defendants.           ORDER
_____/

       Plaintiff, a county jail inmate proceeding pro se, has filed various filings in this action. On April 22, 2011, the undersigned dismissed plaintiff's application for a writ of habeas corpus (Doc. 1), a first amended petition for writ of habeas corpus (Doc. 4) and a civil rights complaint (Doc. 6), and informed plaintiff that he could only proceed with one action.

       On April 27, 2011, plaintiff filed a first amended civil rights complaint and on April 29, 2011, a second amended civil rights complaint. The undersigned will screen the second amended civil rights complaint.

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff will be assessed an initial filing fee of $28.67. 28

1

1  U.S.C. § 1915(b)(1).  Plaintiff will be obligated for monthly payments of twenty percent of the
2  preceding month's income credited to plaintiff's prison trust account.  These payments will be
3  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
4  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

5        The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
10 U.S.C. § 1915A(b)(1),(2).

11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989); Franklin, 745 F.2d at 1227.

18       A complaint must contain more than a "formulaic recitation of the elements of a
19 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
20 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
21 "The pleading must contain something more...than...a statement of facts that merely creates a
22 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
23 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
24 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
25 v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A
26 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges that a jail official pushed him and yelled at him in the library.[1]

To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Plaintiff's claim is clearly frivolous and meritless. This second amended complaint is dismissed and plaintiff will be granted one final opportunity to file a third amended complaint within twenty-eight days of service of this order. Failure to file an amended complaint will result in this action being dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

---

[1] Plaintiff's additional allegations regarding his previously filed writs of habeas corpus will be disregarded as plaintiff states his state court proceedings are ongoing and it is not clear what relief plaintiff requests.

3

1  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
2  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
3  there is some affirmative link or connection between a defendant's actions and the claimed
4  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
5  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
6  vague and conclusory allegations of official participation in civil rights violations are not
7  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
9  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
10 amended complaint be complete in itself without reference to any prior pleading.  This is
11 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
12 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
13 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
14 original complaint, each claim and the involvement of each defendant must be sufficiently
15 alleged.

16         In accordance with the above, IT IS HEREBY ORDERED that:

17         1.  Plaintiff's requests for leave to proceed in forma pauperis (Docs. 7, 10, 13) are
18 granted.

19         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
20 Plaintiff will be assessed an initial filing fee of $28.67.  All fees shall be collected and paid in
21 accordance with this court's order to the Sacramento County Jail filed concurrently herewith.

22         3.  Plaintiff's second amended complaint is dismissed for the reasons discussed
23 above, with leave to file a third amended complaint within twenty-eight days from the date of
24 \\\\
25 \\\\
26 \\\\\

4

1  service of this Order.  Failure to file a third amended complaint will result in dismissal of this
2  action.  No more amendments will be allowed.
3  DATED: May 24, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
 scot0756.b