IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK SCOTT,

        Plaintiff,                                  No. CIV S-11-0756 GGH P

       vs.

SACRAMENTO SUPERIOR COURT,
et al.,

        Defendants.                   <u>ORDER</u>

        Plaintiff, a county jail inmate proceeding pro se, has filed various filings in this action.[1] On April 22, 2011, the court dismissed plaintiff's application for a writ of habeas corpus (Doc. 1), a first amended petition for writ of habeas corpus (Doc. 4) and a civil rights complaint (Doc. 6), and informed plaintiff that he could only proceed with one action.

        On April 27, 2011, plaintiff filed a first amended civil rights complaint and on April 29, 2011, a second amended civil rights complaint. The court screened the second amended civil rights complaint and dismissed it with leave to amend and noted no further amendments would be allowed. Plaintiff has filed a third amended complaint.

        As previously stated, the court is required to screen complaints brought by

---

[1] This action is before the undersigned pursuant to plaintiff's consent. Doc. 3.

1

prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

1843 (1969).

Plaintiff's prior complaint alleged that a jail official pushed him and yelled at him in the library. Plaintiff's third amended complaint contains the same allegations that plaintiff was pushed, yet there are no allegations that plaintiff suffered any injuries. This action is clearly frivolous and is dismissed.

To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Because this court cannot discern any manner by which plaintiff could cure the defects of this third amended complaint, the court must order summary dismissal of this action.

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), quoting Noll [v. Carlson], 809 F.2d 1446, 1448 (in turn, quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987). Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "Under Ninth Circuit case law, district

1  courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are
2  not required to grant leave to amend if a complaint lacks merit entirely."  <u>Lopez v. Smith</u>, 203
3  F.3d 1122, 1129 (9th Cir. 2000) ("[A] district court retains its discretion over the terms of a
4  dismissal for failure to state a claim, including whether to make the dismissal with or without
5  leave to amend.")  <u>See</u> also, <u>Smith v. Pacific Properties and Development Corp</u>., 358 F.3d 1097,
6  1106 (9th Cir. 2004), citing <u>Doe v. United States</u>, 58 F.3d 494, 497(9th Cir.1995) ("a district
7  court should grant leave to amend even if no request to amend the pleading was made, unless it
8  determines that the pleading could not be cured by the allegation of other facts.").  This appears
9  to be one of those relatively rare cases when to grant plaintiff further leave to amend would be
10 patently futile.

11         For the reasons set forth above, this court finds that plaintiff's third amended
12 complaint is wholly frivolous, with defects for which no amount of amendment could provide a
13 cure, and for which the court must dismiss with prejudice.

14         In accordance with the above, IT IS HEREBY ORDERED that plaintiff's third
15 amended complaint is summarily dismissed with prejudice and this case is closed.

16 DATED: June 20, 2011

17                                            /s/ Gregory G. Hollows

18                                            GREGORY G. HOLLOWS
                                              UNITED STATES MAGISTRATE JUDGE
19 GGH: AB
   scot0756.dis